**[J-59-2018] [MO:Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| MONICA GAVIN AND LUCIA CAREZANI, EXECUTRIX OF THE ESTATE OF JAMES GAVIN, DECEASED, | : : : | No. 74 MAP 2017 |
| | : : | Appeal from the Order of the Superior Court dated May 1, 2017 at No. 341 |
| Appellants | : : : : | EDA 2016 Affirming the Judgment of the Lehigh County Court of Common Pleas, Civil Division, entered March |
| v. | : : | 11, 2016 at No. 2014-C-0914. |
| | : : | SUBMITTED:  September 7, 2018 |
| ELAINE LOEFFELBEIN, | : : | |
| Appellee | : | |

## CONCURRING OPINION

**JUSTICE MUNDY**                                          **DECIDED: March 26, 2018**

I join the majority opinion.  I agree the Superior Court erred by sua sponte interpreting the Termination Provisions as a basis to question continuing validity of the temporary guardianship order in the absence of the issue being raised.  I also agree with the majority that the trial court's jury instructions regarding James' legal ability to consent were misleading and untethered to the scope of the powers granted to the guardian by the temporary guardianship order.

I write separately to emphasize the narrow focus of this decision in the context of the underlying proceedings.  Our decision clarifies the proper scope and effect a temporary guardianship order has on the legal ability of the subject incapacitated person. It also clarifies that the proper avenues to challenge that scope and effect is during the initial proceedings under Section 5513, or in a review under Section 5512.2(a). Therefore, to the extent the issues before the jury depended on James' legal capacity to

consent in particular aspects of his personal affairs, the Superior Court's analysis was faulty, as described by the majority.

However, in the context of the civil proceedings below for trespass, conversion, negligence, and punitive damages, we do not rule that the evidence of James' actual competency and capacity to consent is irrelevant or inadmissible for all purposes.[1] As Appellee claims to have acted at the behest of James, and to the extent the reasonableness of her reliance on James' directives and her state of mind may have on the civil complaints laid against her, such evidence may be germane.[2] I do not propose to express an ultimate conclusion on the issue. I merely point out the limited parameters of our decision today.

---

[1] The jury apparently credited the evidence of Gerald M. Barr, Esquire, and of James' neighbor and friend, David Greene (Greene). Attorney Barr testified that in the summer of 2012, James had the capacity to understand what he was doing and that on July 9, 2012, James had the capacity to allow Appellee to go into the house with him to remove boxes. N.T., 6/9/15, at 128-30. Greene testified that in May 2012, James had the mental capacity to allow him into the marital home to remove boxes. N.T., 6/11/15, at 566.

[2] Certainly, one can contemplate variations on the fact pattern present in this case, which could further complicate this question, such as if an incapacitated person acted on his or her own, or a third party acted in ignorance of the existence of a court appointed guardian but at the behest of an apparently competent person.